ROSADO ET AL. *v.* TERRASA AS LIQUIDATOR OF SUCCESSORS OF PERICÁS & CO.

Appeal from the District Court of Arecibo.

No. 753.—Decided March 7, 1912.

ACTION OF EJECTMENT—DEFECT AS TO PARTIES PLAINTIFF.—The denomination of parties plaintiff by a wrong name in a complaint is a defect that may be remedied at the trial, and where no objection was made thereto the judgment cannot be reversed on appeal on that ground.

ID.—FRAUD—PARTNERSHIP—CONFLICT OF TESTIMONY.—Where an action of ejectment is brought against a firm succeeding another firm and a charge of fraud is made against the succeeding firm, who may be considered as third persons, instead of against the original firm, against which the evidence would seem to charge it, there exists a conflict between the evidence and the averments of the complaint which necessarily requires the reversal of the judgment appealed from.

ID.—LIQUIDATOR OF PARTNERSHIP—MEMBERS OF FIRM IN LIQUIDATION—DEFECT OF PARTIES.—The liquidator of a firm has not sufficient capacity to represent all the component members of the firm in liquidation, therefore there is a defect of parties where the complaint is directed against the liquidator only, instead of against all of the members of the firm or their heirs.

The facts are stated in the opinion.

*Mr. Simón Lange* for appellant.

*Messrs. Santiago B. Palmer* and *Miguel Guerra* for respondents.

MR. JUSTICE WOLF delivered the opinion of the court.

The complainants filed a suit against Gabriel Terrasa as liquidator of the mercantile firm of Successors of Pericás & Co., setting up that on March 5, 1875, the complainants were minors under the guardianship (*tutela*) of Don Pedro Ramírez, who subsequently died; that the said tutor at the said time, or on March 5, 1875, acquired in the name of such minor complainants, by purchase from Doña Urfila Román the property which is described in such complaint; that such property was duly recorded in the registry of property in the name of the complainants and that the latter have not yielded nor sold their rights with regard to the same; that in the year 1897 the tutor of such minors fraudulently and maliciously and in combination with the mercantile firm, the Successors of Pericás & Co., sold such firm 50 acres belonging to said property without the consent of such minors and without obtaining the proper judicial authorization; that as it was not possible to record this document in the Registry of Property of Arecibo, on March 6, 1897, and before the Judge of First Instance of Arecibo the said firm obtained a possessory writ of such 50 acres, disguising them and describing them in a manner different from the description heretofore mentioned, and giving different bounding lands and such property was duly recorded in the registry of property in the name of said firm.

The defendant demurred to such complaint and among other things alleged that it was defective because it prayed not only the *reivindicación* of the property, but also sought to

obtain the nullity of the possessory writ. The complainants amended the complaint so as to make it solely a proceeding in *reivindicación*.

The defendant answered the foregoing complaint denying a number of the facts set up therein and more especially the charge of fraud and combination, and thereafter proceeded to allege that the partnership firm of Pericás & Co. acquired by purchase of Don Pedro Ramírez in the year 1897 the property described in the answer, and which description corresponds substantially with the second description mentioned in the complaint. The complaint ascribes the acquisition not to Pericás & Co. but to the Successors of Pericás & Co. The answer goes on to say that it was Pericás & Co. who, lacking the necessary title, found it necessary to obtain the possessory writ before the Judge of First Instance of Arecibo; that the commercial firm of Pericás & Co., being in process of dissolution, such property passed into the hands of the Successors of Pericás & Co. by a public deed on March 13, 1898. Then follows a paragraph in which the defendant alleges that Pericás & Co. and afterwards the Successors of Pericás & Co., have possessed the land before described, quietly and publicly, with a just title and in good faith, continuously and without interruption. There were other averments in the complaint and in the answer which it is unnecessary to set forth in detail, for the purposes of this appeal. The case went to trial and the court found in favor of the complainants.

It was shown at the trial that the said tutor, the uncle of the complainants, continued to remain in possession of the property until his death, about two years before the bringing of this suit, and that his wife continued to occupy the same thereafter; that when the complainants attempted to bring an action of unlawful detainer against her they were met by the claim of Gabriel Terrasa, that the said property belonged to the firm of Successors of Pericás & Co. Although the widow of the tutor gave testimony that she was paying rent to Ga-

briel Terrasa, the proof showed that Gabriel Terrasa never made any attempt to take possession of said land. The property claimed by the respective parties was completely identified as being the same.

The appellant does not rely so much on the lack of proof for asking a reversal of the judgment, but on other grounds. He maintains that the complainants were described by one name and the proof shows that their full name was different and that action must fail by reason of the lack of proper description. We think that this defect could have been readily remedied at the trial if the objection had been made below in some form. It does not appear that such objection was made. We do not think the defect was a fatal one or that it affected the substantial justice of the case. The defendant was in no way misled by the defective description, and in accordance with section 142 of the Code of Civil Procedure, no judgment should be reversed for a defect of this kind.

The principal contention of the appellant is that the Successors of Pericás & Co. are third persons and that although a charge of fraud might lie against Pericás & Co., yet no such charge lies against the Successors of Pericás & Co., who are third persons. The averment of the complaint is directed against the Successors of Pericás & Co. and not against Pericás & Co. The complaint is really defective in charging the fraud against the former firm. The court in its opinion continuously speaks of the Successors of Pericás & Co. as having performed the fraudulent acts, while the proof shows that such firm acquired the property at a date subsequent to the obtaining of the possessory writ by Pericás & Co.

The appellants made the further contention that there is a defect of parties in not making all the members of Pericás & Co., Successors, parties to the suit, said members of the firm of Pericás having an interest in the land; that a mere liquidator of a firm does not represent the component members.

We think the point is well taken. However fraudulent a transaction may be alleged to be all parties with an interest

have a right to be heard. Under the pleadings and the proof before us there was evidence tending to show interest in other persons besides Gabriel Terrasa.

Under these circumstances it is unnecessary to discuss the question of prescription, but the judgment must be reversed and the case remanded for other proceedings not inconsistent with this opinion.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, del Toro, and Aldrey concurred.